UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAZMINE I. ROBERTS,

                Plaintiff,

-against-

REGIONAL NEUROLOGICAL ASSOCIATES, et al.,

                Defendants.

24-CV-4614 (LTS)

ORDER OF DISMISSAL

---

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Plaintiff Jazmine I. Roberts, who resides in Queens County, New York, and is appearing *pro se*, filed this action invoking the court's federal question jurisdiction. (ECF 1, at 2.) She names as Defendants the Regional Neurological Associates ("RNA"), located in the Bronx, New York, and three RNA employees, named as John or Jane Doe Defendants. Plaintiff's claims arise out of a June 13, 2024 incident that occurred at RNA and involved at least one RNA employee and the New York City Police Department ("NYPD"). The Court construes Plaintiff's complaint as asserting claims of federal constitutional violations under 42 U.S.C. § 1983, as well as claims under state law.

    By order dated June 21, 2024, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses this action for failure to state a claim.[1]

---

[1] In another action filed by Plaintiff, the Court ordered Plaintiff to show cause why she should not be barred from filing future actions IFP without obtaining prior permission. *See Roberts v. Duane Reade Pharmacy*, No. 24-CV-4034 (LTS) (S.D.N.Y.). Plaintiff filed this action before the Court issued that order.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Id.* But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine

whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 679.

## BACKGROUND

The following facts are drawn from the complaint.[2] On June 13, 2024, Plaintiff "[w]ent into [RNA] . . . for my appointment and was approached by an unidentified lady. Then I was called by an unidentified woman at 1:15 pm." (ECF 1, at 3.) Plaintiff's appointment was schedule for 2:30 p.m., but "[o]nce 2:30 pm came around the provider never came out." (*Id.*) While "document[ed] inconsistencies concerning professionalism, code of ethics and a potential compl[ai]nt in the initiation process[,] [t]he NYPD was called along with the ambulance services." (*Id.*) An NYPD officer "approached me and said they like to complete a mental health questionnaire. However, I was just requested to leave the premises by John Doe number 1." (*Id.* at 3-4.)

In the Injury section of the complaint, Plaintiff states, "psychological abuse, no treatment until I find a new provider and retaliation from the initial intake process." (*Id.* at 4.) Plaintiff seeks an "order of protection from retaliation and reprisal efforts." (*Id.*)

## DISCUSSION

**A.     Claims under 42 U.S.C. § 1983**

Plaintiff's claims under 42 U.S.C. § 1983 must be dismissed. A claim for relief under Section 1983 must allege facts showing that the defendants acted under the color of a state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Thus, to state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of

---

[2] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the original unless noted otherwise.

3

the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988); *Meadows v. United Servs., Inc.*, 963 F.3d 240, 243 (2d Cir. 2020) ("State action [for the purpose of Section 1983 liability] requires *both* . . . the exercise of some right or privilege created by the State . . . *and* the involvement of a person who may fairly be said to be a state actor." (internal quotation marks and citation omitted, emphasis in original)). Private entities are not generally considered to be state actors. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties. . . ." (internal quotation marks and citations omitted)).

Plaintiff sues RNA, a private entity, and three unidentified individual defendants who appear to be private employees of, or are somehow otherwise privately affiliated with, RNA; she alleges nothing to suggest that any of the defendants are state actors. Accordingly, the Court dismisses Plaintiff's claims against these private entities under Section 1983 for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Claims under State Law**

A federal district court may decline to exercise supplemental jurisdiction of claims under state law when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (footnote omitted). Having dismissed Plaintiff's claims of which the Court has original subject matter jurisdiction, the Court declines to exercise its supplemental jurisdiction of any of her claims under state law. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c)

of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

## C.   Leave to Amend is Denied

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend her complaint.

## CONCLUSION

The Court dismisses this action for failure to state a claim on which relief may be granted. *See* 28 U.S.C. 1915(e)(2)(B)(ii).

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter a judgment in this action.

SO ORDERED.

Dated:   December 11, 2024
         New York, New York

                                   /s/ Laura Taylor Swain
                                   LAURA TAYLOR SWAIN
                                   Chief United States District Judge